NICHOLS *v.* SUNCOOK MANUFACTURING COMPANY.

Where a deed or grant of land is bounded upon a river not navigable, the boundary line extends to the centre of the stream, unless there is a reservation to the contrary.

Adverse possession for twenty years of a tract of land upon a river not navigable, gives title to the thread of the stream.

PETITION FOR PARTITION, wherein the petitioner alleged that he was seized in fee, as tenant in common with the defendants, of a tract of land in Pembroke, and prayed that partition thereof might be made. An issue was joined upon the pleadings, and a trial had in the Common Pleas.

The petitioner introduced several deeds, tracing title to Christopher Osgood and Charles Flanders as the original grantors.

On the 4th of June, 1801, Christopher Osgood conveyed a part of the premises to Charles Flanders, which, in the deed of conveyance, is thus described : " A certain piece of land in said Pembroke, near Suncook river, so called, on which said Flanders' shop now stands, with land on the south side of said shop, sufficient to cut a ditch and build a floom from the ditch in which the water now runs to the grist-mill, with the privilege of taking water from said ditch to carry a trip-hammer and pair of blacksmith's bellows, not damaging the mill now drawing water from said ditch, with the privilege of passing and repassing from said privilege to the road, without incumbrance."

Charles Flanders, by deed dated June 30, 1809, conveyed the above described piece to Lewis & Pratt, and the other part of the premises was conveyed to Lewis & Pratt by said Christopher Osgood, by deed dated August 4, 1810, the description being as follows : " A certain piece of land, on which the west end of their paper-mill stands, being the width and ten feet in length of said mill. Said mill stands near Joel Fox's blacksmith-shop, in Pembroke. Also the land on which the paperhouse stands, which paper-house adjoins to the east end of the aforesaid paper-mill, not obstructing or damaging the course of the water running in the ditch under said house."

From Lewis & Pratt the premises passed, through several mesne conveyances, to Matthew Sargent, the petitioner's immediate grantor. Sargent, on the 29th of February, 1848, conveyed the "one undivided half part of a certain piece of land and paper-mill on the same, and all the water power, situated on Suncook river, in Pembroke village, connected therewith, being the land and paper-mill formerly occupied by Leonard Pratt," &c.

The principal controversy between the parties related to the boundary on the south-west side.

The petitioner offered evidence tending to show that Lewis & Pratt, and others under whom he claimed, had built upon and occupied the land to and upon the Suncook river, and had occupied to and on said river, claiming the river as their boundary, as if they had owned to the river and on it, for more than twenty years continuously; the occupation being of a paper-mill built by them, which extended into the edge of the water.

The defendants offered no evidence of title, either in themselves or others.

The petitioner contended that if he and those under whom he claimed had for more than twenty years occupied and claimed to and upon the river, as if that had been their boundary, claiming the river as their boundary, this would give the petitioner seizin as against his co-tenants and others who had no title.

The defendants contended that the boundary must be determined by the construction of the deeds of Osgood and Flanders; that they showed that the premises were not bounded by the river or on it; and that the boundary was not to be affected by the evidence of occupation, as introduced by the petitioner.

The court ruled against the defendants, and left it to the jury to find whether the petitioner and those under whom he claimed had occupied and claimed as contended for by him.

The jury returned a verdict for the petitioner, which the defendants moved to set aside, for alleged error in the decisions of the court.

*Ainsworth,* with whom was *D. Clark,* for the petitionees.

I. The defendants were not bound to prove title to that part of the premises in dispute, nor even to any part of the land described in the petition. They made no allegation of seizin in the premises, and of course are not obliged to prove title.

In a petition for partition it devolves upon the plaintiff not only to show title in himself, but to show that the defendant is tenant in common with him. 13 Petersdorff 139, note; 2 Atkins 380; *Clapp* v. *Bromaghen*, 9 Cowen 530.

II. The plaintiff contends that the parties are tenants in common of the premises to the centre, or thread of the river, and relies on adverse possession by Pratt and others, under whom both parties get their title, and upon the evidence the jury found that Pratt and others built upon and occupied the land " to and upon the river, claiming the river as the boundary."

Claiming to own and occupy without title, or actual occupation, gives no color of title. The case finds that Pratt and others " occupied to and upon the river." That occupation extended only to the occupation of the paper-mill where the defendants claim the south-west boundary to be, as shown by the deeds. To sustain a title by adverse possession, the party must prove a continued, open, visible possession for twenty years, marked by distinct boundaries, and if the party have no proper title, conveying the land in dispute, occupancy does not tend to prove an adverse possession beyond where the occupancy exists. *Smith* v. *Hosmer*, 7 N. H. 436; *Hale* v. *Glidden*, 10 N. H. 397; *Jackson* v. *Warford*, 7 Wend. 65.

*Fowler & Mugridge*, with whom was *Perley* and *Bartlett*, for the petitioner.

I. Continued adverse possession of land for twenty years gives title thereto against all the world. Here the jury by their verdict found that the plaintiff and those under whom he claimed had occupied the land to and on the river, claiming the river as their boundary, as if they had owned to the river and on it, for more than twenty years continuously.

II. Possession of land, without title or color of title, is sufficient

evidence of seizin against every one who can show no better evidence of title. *Lund* v. *Parker*, 3 N. H. 49. In this case the defendants offered no evidence of title in themselves or others.

III. Possession under claim of title is *primâ facie* evidence of a seizin sufficient to maintain a writ of entry. *Shaw* v. *Jones*, 9 N. H. 400. A petition for partition is of no higher nature than a writ of entry, and what will support one will sustain the other.

IV. If the foregoing positions be correct, it follows most clearly that the plaintiff's seizin through those under whom he claims, was sufficient not only to enable him to maintain this action against the defendants, but would have enabled him to maintain a writ of entry against any person showing a legal title in himself.

V. The defendants' positions that the construction of the deeds of Osgood and Flanders must determine the boundary, and that the boundary was not to be effected by the occupation, are erroneous. For if, as is well settled, title to land may be acquired by occupation alone, without title or color of title, it needs no argument to show that the same occupation may define and extend a boundary, otherwise indefinite and uncertain.

But the case finds expressly that Pratt and others entered upon the premises in dispute, claiming to own them to the river, as if bounded upon the river, and so occupied them for more than twenty years; and it also finds that the plaintiff purchased in 1848 one undivided half of the premises, land and paper-mill, so entered upon and so occupied. The plaintiff then purchased precisely the premises claimed, and which the jury by their verdict have given him.

EASTMAN, J.* The deed of Sargent to the petitioner described the land as " one undivided half part of a certain piece of land, and paper-mill on the same, and all the water power, situated on Suncook river, in Pembroke village, connected there-

* PERLEY, C. J., and FOWLER, J., having been of counsel did not sit.

with, being the land and paper-mill formerly occupied by Leonard Pratt." This description is a little ambiguous, but we take it to mean one undivided half of the land and paper-mill situated on Suncook river, and the water-power connected therewith; and that the river was intended as the boundary. It appears by the case that the mill extended into the river.

This description of the land, as situated *on the river*, carries the petitioner to the thread of the stream. Such is the settled construction. When a deed or grant of land is bounded upon a river not navigable, the boundary line extends to the centre of the stream, including the water, the bed of the river, and all islands, unless there be an express reservation to the contrary· *Greenleaf* v. *Kilton*, 11 N. H. 530; *State* v. *Gilmanton*, 9 N. H. 401; *Proprietors of Claremont* v. *Carlton*, 2 N. H. 369.

The petitioner's occupation of the property was in accordance with his deed, to the thread of the stream; for the jury have found that he and those under whom he claimed have for more than twenty years occupied to and upon the river, as if that had been their boundary, claiming the river as their boundary.

Unless, then, there is something in his deed, or in the prior deeds limiting him, the verdict must be affirmed and partition must follow.

The deed of Osgood to Flanders, dated June 4, 1801, evidently conveys only a part of the land; and so also with the deed of Flanders to Lewis & Pratt, dated June 30, 1809. These deeds give title to the extent to which they go, but not further. Neither of them indicates the river as a boundary, and were the petitioner to be bound by them alone, he must fail, unless there is some latent ambiguity in the description. *Smith* v. *Hosmer*, 7 N. H. 436; *Proprietors of Enfield* v. *Day*, 7 N. H. 457; *Hale* v. *Glidden*, 10 N. H. 397.

But Lewis & Pratt afterwards conveyed their title, and there were subsequent owners and occupiers, among whom was Leonard Pratt. The petitioner's deed describes the land as on the river, and formerly occupied by him. This occupation must, under the finding of the jury, have been to the thread of the stream,

for the evidence was that those under whom the plaintiff claimed had occupied upon the river for more than twenty years continuously.

There is nothing, then, in the deed of the petitioner from Sargent that limits him, but on the contrary it carries him to the thread of the stream. And as this deed has no reference to prior ones, it is not to be controlled by them, but possession under it upon the river, or, in other words, to the thread of the stream, is sufficient, there being no contradictory title set up.

The verdict of the jury, therefore, is affirmed, and a committee may be appointed to make partition.